# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY MADRID, | CASE NO. 1:11-CV-01144-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION BE DENIED |
| v. | |
| P. PEASE, et al., | (DOC. 9) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff John Anthony Madrid ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for access to the prison law library machine, filed August 23, 2011.  Doc. 9.  The Court construes the motion as one for preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*, 129 S. Ct. at 376.  An injunction may only be awarded upon a clear showing that the movant is entitled to relief.  *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

1

(1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff moves for an order requiring Pleasant Valley State Prison law library staff to make copies of summonses and complaints for service by the United States Marshal. Plaintiff's motion should be denied. Law library staff are not parties to this action, and the Court thus lacks jurisdiction. Furthermore, the Court will not order the United States Marshal to effect service of process unless and until it finds that service of the complaint is appropriate. *See* First Informational Order ¶ 12 ("The court will direct the United States Marshal to serve plaintiff's complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants."); *see also* 28 U.S.C. § 1915A (requiring that complaints in civil actions filed by prisoners be screened ).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed August 23, 2011, should be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2011**         /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE